**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**LEON FRED COLLINS,**

Petitioner,

v.                                                                    **CIVIL ACTION NO. 2:18-CV-95**
                                                                      **(BAILEY)**

**FREDERICK ENTZEL, Warden,**

Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 17]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on July 8, 2019, wherein he recommends that petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v.***

1

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Petitioner timely filed his Objections [Doc. 22]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## BACKGROUND

On August 24, 2010, the petitioner pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a), (d). The presentence report ("PSR") found that the petitioner had three qualifying prior convictions that triggered the career offender enhancement under U.S.S.G. § 4B1.2: (1) a 1981 West Virginia state conviction for aggravated robbery; (2) a 2000 federal conviction for conspiracy to possess with intent to distribute heroin; and (3) a 2008 North Carolina state conviction for common law robbery.

Based on the career offender enhancement, petitioner faced a guideline range of 188 to 235 months. At his sentencing hearing, petitioner argued that a variance below the Career Offender Guideline range was appropriate because the Career Offender Guideline was developed in a flawed manner, unlike other Guidelines, and was unlikely to produce a sentence that achieved the objectives of 18 U.S.C. § 3553(a).

The district court declined to vary downward, and on September 1, 2011, a sentence of 210 months was imposed. His guideline range was 188 to 235 months. Absent the career offender enhancement, petitioner's guideline range would have been 70 to 87 months. According to the Bureau of Prisons Inmate Locator, petitioner's current projected release date is June 17, 2025.

Petitioner filed a direct appeal arguing that the career offender guidelines are flawed and the Fourth Circuit affirmed the district court's decision. On June 20, 2016, petitioner, by counsel, filed a Motion to Vacate Under 28 U.S.C. § 2255 [Doc. 36]. Petitioner, by counsel, voluntarily dismissed the petition [Doc. 37].

The petitioner filed the instant § 2241 decision and argued that none of his prior convictions qualify as valid offenses to count towards being categorized as a career offender. He argued that the West Virginia conviction for aggravated robbery and the North Carolina conviction for common law robbery do not count as violent offenses towards a career offender enhancement. He argued that his conspiracy to possess with intent to distribution of heroin offense does not qualify as a predicate offense because the Guidelines definition of "Controlled Substance Offense" does not include inchoate offenses, only completed crimes.

Magistrate Judge Mazzone rejected petitioner's arguments and held that petitioner could not satisfy the § 2255(e) savings clause because he was sentenced after the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005).

Petitioner's § 2241 petition before this Court is based on one theory—that his prior convictions no longer serve as predicate offenses under the career offender provision of United States Sentencing Guidelines § 4B1.1. As such, petitioner requests that his sentence be vacated and remanded to the sentencing court for resentencing without the career offender designation.

## APPLICABLE LAW

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also **United States v. Poole**, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. ***In re Jones**, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

***Poole**, 531 F.3d at 269 (quoting ***In re Jones**, 226 F.3d at 333–34).

The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges. It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *See Wheeler*, 886 F.3d at 423–26. Since petitioner is challenging his sentence, the *Wheeler* test applies.

## DISCUSSION

Magistrate Judge Mazzone recommends that petitioner's § 2441 petition be denied and dismissed without prejudice for lack of jurisdiction, as petitioner cannot satisfy the fourth prong of *Wheeler*, which requires that his sentence "now presents an error sufficiently grave to be deemed a fundamental defect." *Wheeler*, 886 F.3d at 429. In reaching this determination, Magistrate Judge Mazzone found the following:

> Although the Petitioner alleges that he has satisfied the *Wheeler* savings clause, he is mistaken. Even if the Petitioner could satisfy the first, second, and third prongs of *Wheeler*, the Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018). In *Lester*, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*Booker*, when the sentencing Guidelines were mandatory. *Id.* at 714.
>
> However, the *Lester* Court explicitly noted that had Lester's career offender misclassification occurred under the post-*Booker*, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. *Id.* at 715 ("*Foote* undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-*Booker*, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." *Id.* When a petitioner is sentenced under the post-*Booker*, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the

5

Guidelines sentence [i]s justified, but in fact [i]s required to do so." *Id.* In conclusion, the *Lester* Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." *Id.* at 716. Because the Petitioner was sentenced under the post-*Booker*, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth *Wheeler* prong, and therefore, fails to satisfy the § 2255(e) savings clause.

[Doc. 22 at 6–8 (footnote omitted)].

Petitioner makes three objections to the R&R. First, petitioner objects that in the R&R's introductory recitation of the facts, his argument for stating that his prior convictions do not qualify was not explained more in-depth. Second, petitioner argues there are two Fourth Circuit intervening authorities that prohibit his North Carolina common law robbery and federal conspiracy drug charge to be used as predicates for career offender enhancement. Third, petitioner argues that he can satisfy the fourth *Wheeler* prong and alternatively, changing precedent in the Fourth Circuit shows he is "actually innocent" of the two predicate offenses. These will be discussed below.

## I. Objection to Factual Background

Petitioner's first objection states: "It is simply not enough for the Magistrates' [sic] R&R to provide such a minimal description of challenge to Petitioner's Career Offender status with relations to the 2008 North Carolina robbery . . . with no guidance to a reviewing district Judge explaining the substance thereof . . . ." [Doc. 22 at 2]. This "objection" is really not an objection, petitioner just wanted the R&R to describe more in detail petitioner's claim. However, the claim was sufficiently explained in the Analysis section of the R&R

and did not need to be fully explained in the factual background section of the R&R. This objection is **OVERRULED**.

## II. Objection that Two Fourth Circuit Cases Disallow Career Offender Status for Petitioner's Convictions.

Initially, petitioner now concedes that his West Virginia state conviction for armed robbery qualifies as a predicate offense for career offender status after the Fourth Circuit ruling in *United States v. Salmons*, 873 F.3d 446 (4th Cir. 2017). So now he challenges only his 2000 federal conspiracy to possess with intent to distribute heroin conviction and his 2008 North Carolina conviction for common law robbery. In order to be categorized as a career offender, petitioner must have at least two prior felony convictions of either a "crime of violence" or a Controlled Substance Offense. U.S.S.G. § 4B1.1(a). Here, since petitioner concedes he has one predicate felony, he can be deemed a career offender if his drug conviction or his common law robbery conviction is deemed to be a crime of violence or a Controlled Substance Offense.

Fourth Circuit precedent unequivocally shows that North Carolina common law robbery is a "violent felony." *See United States v. Dinkins*, 928 F.3d 349, 355–56 (4th Cir. 2019). Petitioner argues that his conviction has been ruled by the Fourth Circuit in *United States v. Gardner*, 823 F.3d 793, to not be a "violent felony" under the Armed Career Criminal Act. Petitioner is correct that *Gardner* did rule this way, but what petitioner fails to mention is that *Gardner* was later abrogated by the Supreme Court of the

United States in ***Stokeling v. United States***, 139 S. Ct. 544 (2019). The Fourth Circuit has already dealt with this same ***Gardner*** argument post-***Stokeling*** and held

> Applying the new framework set forth in ***Stokeling***, we conclude that North Carolina common law robbery satisfies the ACCA's physical force requirement. The definition of North Carolina common law robbery mirrors the definition of common law robbery cited by the Supreme Court in ***Stokeling*** as the "quintessential ACCA-predicate crime." ***Stokeling***, 139 S.Ct. at 551. Indeed, in the context of the United States Sentencing Guidelines, this Court has recognized that North Carolina common law robbery is a categorical match with generic common law robbery precisely because it requires the use of force sufficient to overcome a victim's resistance. *See **United States v. Gattis***, 877 F.3d 150, 158 (4th Cir. 2017) (applying U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(a)). Moreover, North Carolina's definition of common law robbery is materially indistinguishable from the Florida robbery statute that the Court in ***Stokeling*** held was a violent felony. . . .
>
> Accordingly, because North Carolina's case law establishes that the state's common law robbery offense requires the use of force sufficient to overcome the victim's resistance, that offense is encompassed by the holding of ***Stokeling*** and qualifies as a violent felony under the ACCA's force clause. To the extent that this outcome conflicts with our prior decision ***United States v. Gardner***, 823 F.3d 793, that decision has been abrogated by ***Stokeling***.

***Dinkins***, 928 F.3d at 355–58 (4th Cir. 2019). Even though ***Dinkins*** is a case about the force clause under the Armed Career Criminal Act, the force clause in the ACCA and the force clause in the Sentencing Guidelines are the exact same, so the interpretation shall be the same as well. *See* 18 U.S.C. § 924(e)(2)(B)(I) (2018); U.S.S.G. § 4B1.2(a)(1). Accordingly, petitioner's North Carolina common law robbery conviction does indeed qualify as a predicate offense towards career offender status.

Next, petitioner points to a Fourth Circuit case that held that a conspiracy under 21 U.S.C. § 846 did not qualify as a predicate offense under the Career Offender Guidelines. *See **United States v. Whitley***, 737 F.App'x 147, 148 (4th Cir. 2018)

8

(unpublished per curiam). This Court agrees with petitioner that his § 846 conspiracy conviction does not qualify as a career offender predicate offense because the Fourth Circuit's opinion in *Whitley* stated

> There appears to be no dispute here that distributing and possessing with intent to distribute cocaine base qualifies as a controlled substance offense; accordingly, the analysis turns on the conspiracy component of Whitley's prior convictions. *See* [*United States v. McCollum*, 885 F.3d 300, 304-05 (4th Cir. 2018)]. Because the Guidelines do not define "conspiracy," the term "should be understood to refer to the generic, contemporary meaning of the crime." *Id.* (internal quotation marks omitted). An overt act is an element of the generic definition of conspiracy. *Id.* at 308. Comparing the elements of conspiracy under 21 U.S.C. § 846 to this generic definition, it is clear that they do not correspond to generic conspiracy. The elements of conspiracy under § 846 require the Government to prove only that: "(1) an agreement to [distribute and] possess cocaine [base] with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of th[e] conspiracy." *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Unlike generic conspiracy, a conviction under § 846 does not require the Government to prove any overt act. *United States v. Shabani*, 513 U.S. 10, 11, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994); *United States v. Min*, 704 F.3d 314, 321 (4th Cir. 2013). Instead, the "gravamen" of the crime is "an agreement to effectuate a criminal act." *Burgos*, 94 F.3d at 857 (internal quotation marks omitted). Finally, because § 846 does not require an overt act, "it criminalizes a broader range of conduct than that covered by generic conspiracy." *McCollum*, 885 F.3d at 309. Accordingly, Whitley's prior § 846 conspiracy convictions cannot support his enhanced sentencing as a career offender because they are not categorically controlled substance offenses.

*Whitley*, 737 F.App'x at 149. Since petitioner was convicted of conspiracy under the same statute as the *Whitley* defendant, the same reasoning applies. However, unlike the defendant in *Whitley* and unfortunately for petitioner, the petitioner here does have two other prior convictions that qualify as career offender predicates. So his career offender status would still be valid and correct. Accordingly, this objection is **OVERRULED**.

### III. Objection that Petitioner Can Satisfy *Wheeler* and He is Actually Innocent of the Career Offender Predicates

#### A. *Petitioner Cannot Satisfy* Wheeler

For the same reasons explained in the R&R, petitioner cannot satisfy the ***Wheeler*** test. Even if there was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth ***Wheeler*** prong and, therefore, fails to satisfy the § 2255(e) savings clause. *See **Lester***, 909 F.3d at 715; *see also **Gomez v. Young***, 2019 WL 896263, at *3 (S.D. W.Va. Feb. 22, 2019) (Berger, J.) ("The sentencing error [petitioner] complains of is the same as that considered in ***Foote***: the incorrect classification of a prior conviction to support a career offender designation. The sentencing judge was permitted, and indeed obligated, to independently determine whether a sentence within or outside the calculated Guidelines range was appropriate under the statutory sentencing factors contained in 18 U.S.C. § 3353(a). Because binding precedent within this Circuit clearly forecloses relief on the grounds that the purported sentencing error is not sufficiently grave to be deemed a fundamental defect, the Court finds it unnecessary to evaluate the applicability of the other three ***Wheeler*** factors."). Because petitioner cannot satisfy the savings clause pursuant to the requirements articulated in ***Wheeler***, his claim cannot be considered under § 2241, and this Court must dismiss for want of jurisdiction. *See **Wheeler***, 886 F.3d at 423 ("[W]e hold that the savings clause is a jurisdictional provision."). Accordingly, this objection is **OVERRULED**.

#### B. *Petitioner is Not Actually Innocent of the Predicate Offenses*

Petitioner files an objection that "he can show that in light of change in controlling Circuit law he's 'actually innocent' of two predicate offenses." [Doc. 22 at 4]. He cites a

handful of cases, none which address any of the issues in this case. In **Maybeck**, the petitioner was held to be actually innocent of being a career offender because he only had *one* prior felony conviction that was a crime of violence and no controlled substance offenses. **United States v. Maybeck**, 23 F.3d 888, 892 (4th Cir. 1994). The **Maybeck** petitioner erroneously told probation that he had been convicted of armed robbery when he actually was convicted attempted third degree burglary, which was not categorized as violent. **Id.** at 890. Therefore, **Maybeck** is distinct from the instant case because petitioner Collins has two qualifying predicate offenses, as explained above. The other cases cited are even more irrelevant to this case and it is clear by Fourth Circuit precedent that petitioner Collins' West Virginia state conviction for armed robbery and his North Carolina state conviction for common law robbery are valid predicate offenses for career offender status. *See* **Dinkins**, 928 F.3d 349; **Salmons**, 873 F.3d 446. So, any further explanations of why the cases cited by the petitioner are not helpful would be useless. Accordingly, this objection is **OVERRULED**.

## CONCLUSION

Further, for the reasons set forth above, this Court hereby **ORDERS** that petitioner's Objections **[Doc. 22]** are **OVERRULED** and that Magistrate Judge Mazzone's Report and Recommendation **[Doc. 17]** is hereby **ADOPTED**. Accordingly, petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to enter judgment in favor of the respondent and to **STRIKE** this action from the active docket of this Court.

It is so **ORDERED**.

11

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: August 15, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE